IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING     :
           Plaintiff     :
  vs     :     3:CV-07-0848
     :     (JUDGE VANASKIE)
RICHARD BOZYM, Individually as well     :
as in His Official Capacity as Sergeant     :
State Trooper, Commonwealth of Pa,     :
et al,     :
           Defendants     :

MEMORANDUM

After a traffic stop and ensuing pursuit, Plaintiff Benjamin Wayne Merring was arrested and charged with reckless endangerment, fleeing or attempting to elude police, disorderly conduct and traffic citations. (Dkt. Entry 32, at ¶¶ 6, 11.) As a result of this, and a separate similar arrest, Plaintiff brought suit against twenty defendants, alleging violation of numerous state and Constitutional rights. (Dkt. Entry 1.) Currently before this Court is the Motion for Summary Judgment of Trooper Richard Bozym and Sergeant Joseph Farrell (collectively "Defendants"). (Dkt. Entry 29.) For the reasons that follow, Defendants' Motion for Summary Judgment will be granted.

I. BACKGROUND

Plaintiff is a resident of Carbondale, Pennsylvania, and Defendants are State Troopers with the Pennsylvania State Police. (DSUMF at ¶¶ 1, 2.) On April 30, 2006, at 1:30

p.m., Plaintiff was operating a Dodge Dakota pickup truck on State Route 6 in Lackawanna County, Pennsylvania, when he was pulled over by Trooper Bozym, who had clocked Plaintiff's vehicle traveling 86 miles per hour in a 65 mile per hour zone. (Id. at ¶¶ 3, 4.)

After being pulled over, Plaintiff informed Trooper Bozym that he did not have a Pennsylvania driver's license. (Id. at ¶ 5.) It was discovered then that Plaintiff's driver's license had been suspended. (Id. at ¶ 6.) Sergeant Farrell soon after arrived at the scene and, as he was talking to Plaintiff, Trooper Bozym completed two traffic citations to be issued to Plaintiff. (Id. at ¶ 7.) Trooper Bozym advised Plaintiff that he was not permitted to drive, and Plaintiff responded that he was going to drive anyway. (Id. at ¶ 8.) Trooper Bozym again advised Plaintiff that he was not permitted to drive, whereupon Plaintiff advised that the was leaving, put the truck in gear, and pulled away. (Id. at ¶ 9.)

Trooper Bozym and Sergeant Farrell pursued Plaintiff's vehicle and were able to stop him by boxing in his truck on the entrance ramp to Route 81. (Id. at ¶ 10.) Plaintiff was arrested and read his Miranda rights. (Id.) He was charged with recklessly endangering, fleeing or attempting to elude police, disorderly conduct, and traffic citations. (Id. at ¶ 11.) He was arraigned before District Justice Pesota, who set bail at $7,500. Plaintiff failed to post bail, and was remanded to the Lackawanna County Prison. (Id.)

On June 21, 2006, a preliminary hearing was held regarding these matters before District Justice Gallagher, and all charges were bound over to the Court of Common Pleas of

Lackawanna County for trial. (Id. at ¶ 12.) Plaintiff failed to appear for his final pre-trial conference in this matter, and a bench warrant was issued for his arrest on December 7, 2006. (Id. at ¶ 13.)

In addition to being pulled over on April 30, 2006, Plaintiff was also stopped by police shortly after 9:00 a.m. on January 18, 2007. At that time, Trooper Bozym observed Plaintiff operating a motor vehicle on State Route 6 in Lackawanna County and, knowing that his license had been suspended by PennDOT, initiated a traffic stop. (Id. at ¶ 15.) When Trooper Bozym initiated the stop, Plaintiff stopped his vehicle, but failed to turn off the ignition and instead pulled away from Trooper Bozym. (Id.) A short pursuit ensued, after which Plaintiff was "taken into custody, charged, and arraigned on additional fleeing and eluding charges. . . ." (Id. at ¶ 16.) At this time, Plaintiff was also arraigned on the December 2006 outstanding bench warrant, and bail was set at $5,000. (Id.) On September 10, 2007, a preliminary hearing was held on the January 2007 charges against him, and all charges were bound over for trial in the Court of Common Pleas.[1] (Id. at ¶ 17.)

On May 9, 2007, Plaintiff, proceeding pro se, filed in this Court a 535 paragraph complaint, alleging twenty-five causes of action against twenty defendants. (Dkt. Entry 1.)

---

[1] Merring filed a habeas corpus petition in this Court, challenging the validity of a conviction for fleeing or attempting to elude a police officer. Merring v. Lackawanna County Prison, No. 4:CV-08-1903. It is unclear whether that conviction is based upon any of the events underlying this case. The Hon. John E. Jones, III dismissed the habeas corpus petition in a Memorandum and Order dated November 7, 2008.

On February 8, 2008, Defendants Bozym and Farrell filed the current Motion for Summary Judgment. (Dkt. Entry 29.) Plaintiff failed to file a response, and on March 21, 2008, this Court ordered him to file an opposition brief, responsive statement of material facts as required by Local Rule 56.1, and exhibits. (Dkt. Entry 35, at 2.) Plaintiff was additionally informed that failure to comply with the Order would be deemed a failure to oppose the motion. (Id.) On March 31, 2008, Plaintiff filed an "Objection/Response to the Defendants Bozym and Farrell's Motion/Brief Seeking Summary Judgment." Plaintiff, however, failed to file a responsive statement of material facts as required by Local Rule 56.1.[2] (Dkt. Entry 36.)

It is Plaintiff's contention that he is not subject to regulation; is not required to obtain a license before driving; and that since he may not be licensed, PennDot may not suspend his license. Plaintiff asserts that upon stopping, he "informed Bozym that he traversed the common way as a matter of Right and was not subject to regulation." (Id. at ¶ 12.) Moreover, Plaintiff argues: "title 75 which is the Pennsylvania Motor vehicle code does not apply to him.

---

[2] Defendants complied with Local Rule of Court 56.1 by submitting in numbered paragraphs statements of fact contended to be undisputed and supported by citation to the summary judgment record. (Defendants' Statement of Undisputed Material Facts ("DSUMF"), Dkt. Entry 32.) Local Rule of Court 56.1 provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Based on Plaintiff's failure to comply with Local Rule 56.1, the Court deems the Defendants' Statement of Material Facts to be admitted. See Local Rule of Court 56.1; Griffin v. Lackawanna County Prison Bd., 07cv1638, 2008 WL 4533685, at *3 (M.D. Pa. 2008, Oct. 6, 2008).

The plaintiff denies that his automobile is a motor vehicle and the plaintiff denies that he is the person described by the code required to be licensed." (Id. at ¶ 12.)

Since Plaintiff argues that the Pennsylvania Motor Vehicle Code does not apply to him, and that he is not subject to regulation, he logically assumes that PennDot erroneously listed his license as being under suspension and accuses PennDot of refusing "to admit that it does not have the power to suspend what does not exist. Benjamin Wayne Merring does not HAVE a driver's license to suspend." (Id. at ¶ 14) (emphasis in original). In short,

> plaintiff's basic claim is that all Sovereign men and women are endowed by their Creator with an unalienable Right of liberty. This Unalienable right of liberty includes the Plaintiff's right to freely travel[ ] the common way as he attends to his private affaires [sic] owing no duty to anyone, not even the commonwealth so long as the plaintiff's right to travel does not infringe on anyone else[s] right to travel.

(Id. at ¶ 36.)

II.  DISCUSSION

A. Standard of Review

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "Facts that could alter the outcome are material

5

facts." Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 197 (3d Cir. 1994). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its burden, the nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has presented evidentiary materials. Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Rule 56 requires the entry of summary judgment if there was adequate time for discovery and a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

B. Counts I, III, XIII, & XV Alleging Constitutional Violations

Counts I, III, XIII, & XV allege numerous constitutional violations, including

infringement of Plaintiff's right to travel, cruel and unusual punishment, and illegal search and seizure.        Plaintiff claims that his constitutional right to travel was violated by Defendants' attempt to deprive him "of his inalienable liberty right to travel from place to place . . . ."  (Dkt. Entry 1, at ¶ 307.)  This claim is based on Plaintiff's arrests on April 30, 2006, and January 18, 2007.  (DSUMF at ¶¶ 3, 15.)

"It is well established that the police powers constitutionally permit regulation of vehicles traveling the public roadways." Carroll v. City of Philadelphia, Nos. 87-0592 & 88-1239, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989), aff'd 908 F.2d 961 (1990).  "There is no substantive constitutional right to drive an automobile, and while there is a constitutional right to travel, it does not restrict the State from regulating the use of its roads as a matter of its police powers." Knox v. M. Pcobasco, No. 86-2367, 1986 WL 6310 (E.D. Pa. June 4, 1986) (citations omitted).  "A license to operate a motor vehicle is not a contract or a right of property." Commonwealth v. Halteman, 162 A.2d 251, 254-55 (Pa. Super. Ct. 1960) (quoting Commonwealth v. Funk, 186 A. 65 (Pa. 1936)).  Even if it were, "it would be held in subordination to such reasonable regulations by the state as are clearly necessary to preserve the safety, health, and morals of the people," and "'enforcement of these regulations by revocation or suspension of the privilege is not the taking of property without due process of law.'" Id.

Although Plaintiff has the right to travel, that right is not absolute and must be

7

exercised within the guidelines of the law. See Carroll, 1989 WL 114721, at *2. Plaintiff is not afforded the right to "flout the Pennsylvania Motor Vehicle Code with impunity." See id. Plaintiff admits that he "did not in fact possess a Pennsylvania driver's license," and Defendants thus did not violate Plaintiff's fundamental right to travel. Defendants' Motion for Summary Judgment on Counts I and XIII will be granted.

Moreover, Plaintiff's claims that the Pennsylvania Motor Vehicle Code does not apply to him is without merit. The Pennsylvania Motor Vehicle Code (the "Code") defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks. The term does not include a self-propelled wheel chair or an electrical mobility device . . . ." 75 Pa. C.S.A. § 102. Although the Code does not specifically identify an automobile as a vehicle, common usage of "automobile" reveals that it is accepted to be a vehicle. See The Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/automobile[2] (last visited Dec. 18, 2008) (defining "automobile" as "a usually four-wheeled automotive vehicle designed for passenger transportation"). The Code defines "driver" as "[a] person who drives or is in actual physical control of a vehicle," and "person" as "[a] natural person, firm, copartnership, association or corporation." 75 Pa. C.S.A. § 102.

Plaintiff asserts that he was not operating a vehicle as "plaintiff is not an operator nor is the plaintiff's truck a motor vehicle. The plaintiff's truck is an automobile and is not subject

8

to regulation." (Dkt. Entry 36, at ¶ 27.) The Code, however, clearly defines "truck" as "[a] motor vehicle designed primarily for the transportation of property." 75 Pa. C.S.A. § 102. The Code clearly regulates "every device in, upon or by which any person may be transported or drawn upon a highway," excepting only devices that operate on rails or tracks or self propelled wheel chairs and electrical mobility devices. Id. As Plaintiff has not asserted that the automobile which he was operating at the time of the occurrence operates on rails, tracks, or is an electrical mobility device, his assertion that his automobile is not a vehicle is without merit.

Moreover, Plaintiff's assertion that he is not an operator under the Code and that he "traversed the common way as a matter of Right and was not subject to regulation" is likewise without merit. (See Dkt. Entry 36, at ¶ 12.) Plaintiff has not asserted that he is a person expressly exempted under Code section 1502, but instead argues that the "motor vehicle code does not apply to him." (Id.) As Plaintiff is a "person" as defined by the Code, and he is not a person expressly exempted by Code section 1502, he is required to have a valid driver's license to operate a vehicle in the Commonwealth.

The Code defines "driver" as "[a] person who drives or is in actual physical control of a vehicle." 75 Pa.C.S.A. § 102. Plaintiff asserts that he "is not a 'driver' and the plaintiff does not 'drive'. The word drive is a commercial term and can not be applied to the Plaintiff." (Dkt. Entry 36, at ¶ 16.) As Plaintiff has not asserted that another person was "in actual physical

control" of the vehicle at the time of his incidents, Plaintiff was a driver, and thus a "person who drives." See 75 Pa. C.S.A. § 102.  Thus, Plaintiff's claims that the Code does not apply to him is without merit.

Count XV of the Complaint alleges denial of Plaintiff's Second and Fourth Amendment rights.  The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  The Fourth Amendment prohibits arrests and searches without probable cause.  U.S. Const. amend. IV; Dintino v. Echols, 243 F. Supp. 2d 255, 262 (E.D. Pa. 2003).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995) (citing United States v. Cruz, 910 F.2d 1072, 1076 (3d Cir. 1990)).  Although probable cause generally is a question for the fact-finder, "'a district court may conclude that probable cause exists as a matter of law if the evidence, viewed [in the light] most favorabl[e] to the [p]laintiff,' could not support a contrary finding, and the court, 'may enter summary judgment accordingly.'"  Dintino, 243 F. Supp. 2d at 262 (quoting Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 789 (3d Cir. 1997)).

Stopping a car and detaining the occupants is a seizure under the Fourth Amendment.

United States v. Johnson, 63 F.3d 242, 245 (3d Cir. 1995) (citing United States v. Hensley, 469 U.S. 221, 226 (1985)). "However, a stop to check a driver's license and registration is constitutional when it is based on an 'articulable and reasonable suspicion that . . . either the vehicle or an occupant' has violated the law." Id. (quoting Delaware v. Prouse, 440 U.S. 648, 663 (1979)). Section 6308(b) of the Code provides that a trooper who has a reasonable and articulable ground to believe that a vehicle or driver is in violation of the Vehicle Code may stop the vehicle. 75 Pa. Const. Stat. Ann. § 6308(b); Johnson, 63 F.3d at 245 (citing Commonwealth v. Benton, 655 A.2d 1030, 1033 (Pa. Super. 1995)). "[A] police officer who has reasonable and articulable grounds to believe that a vehicle or driver is in violation of the Motor Vehicle Code lawfully may stop the vehicle. . . . In sum, a traffic stop must be the result of a reasonable belief on the part of the officer that the Vehicle Code is being violated." Benton, 655 A.2d at 1033. "It is established beyond question that as an incident to a lawful arrest, the person of the individual arrested may be validly searched even in the absence of a search warrant." Commonwealth v. Reece, 263 A.2d 463, 465 (Pa. 1970) (citing Commonwealth v. Ellsworth, 218 A.2d 249 (Pa. 1966)).

Plaintiff does not dispute that the first time he was pulled over by Trooper Bozym he had been clocked as "traveling at 86 mph in a 65 mph zone." (DSUMF, at ¶ 4.) Additionally, Plaintiff admits that during that stop, after being advised that he was not permitted to leave, he "put the truck in gear and proceeded to pull away." (Id. at ¶ 9.) Regarding his second

11

arrest, Plaintiff admits that Trooper Bozym observed him operating a motor vehicle, knew that Plaintiff's license had been suspended, and thus initiated a traffic stop, at which time Plaintiff proceeded to flee.  (Id. at ¶¶ 15 - 16.)

Defendants have supplied more than ample evidence to support a finding of probable cause to stop Plaintiff's vehicle and to arrest him.  Plaintiff admits he was speeding during the first encounter, and admits that during the second Bozym knew his license had been suspended.  Therefore, the facts and circumstances within Defendants' knowledge were "sufficient to warrant a reasonable person to believe that an offense" had been committed by Plaintiff.  See Orsatti, 71 F.3d at 483.  Additionally, during the course of both incidents, Plaintiff admits to fleeing from the Defendants.  Based on these undisputed facts, Defendants' arrest of Plaintiff was proper, and thus Defendants' search of Plaintiff, incident to arrest, was proper.  See Reece, 263 A.2d at 465; Rickus, 351 F. Supp. at 1381.

Plaintiff has failed to respond to Defendants' claim that the search of his person was improper, other than stating "Bozym had no cause to arrest and no cause to detain and no justification to chase the plaintiff because no crime had been committed."  (Dkt. Entry 36, at ¶ 55.)  As the Defendants had probable cause to arrest Plaintiff, and the searches incident to arrest were also proper, Plaintiff has failed to substantiate a violation of his Fourth

Amendment rights.[3]  Defendants' Motion for Summary Judgment on Count XV will be granted.

Count III of the Complaint alleges that Plaintiff was "handcuffed in a stressed position for an extended period of time," and that Defendants failed to place him "in a holding cell which was available," which would have relieved his "discomfort and pain."  (Dkt. Entry 1, at ¶ 321.)  Plaintiff claims that Defendants are liable for violation of his Eighth Amendment right to be free from cruel and unusual punishment.[4]

As Defendants assert, the burden is on Plaintiff to come forward with competent evidence that the seizure was unreasonable, and that it was "unreasonable for them to place handcuffs on plaintiff to secure him for transport to the police station and arraignment."  (Dkt. Entry 31, at 11-12.)  Plaintiff has not done so.

When a party fails to rebut a moving party's argument, the opposing party's claim regarding that matter is deemed waived.  See Seals v. City of Lancaster, 553 F. Supp. 2d

---

[3] Furthermore, Plaintiff's failure to counter Defendants' argument that the search was lawful causes him to abandon any claim that the searches related to his arrests were unlawful.  Nor has Plaintiff explained how either Defendant Bozym or Farrell infringed on any right to bear arms.

[4] The Eighth Amendment generally applies only after conviction.  Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005).  The Due Process Clause of the Fourteenth Amendment, however, provides pretrial detainees with protection against the use of excessive force, and plaintiff's claim will be assessed as if it were presented as a violation of due process.  See Black v. Stephens, 662 F.2d 181, 188 (3d Cir. 1981).

427, 432-33 (E.D. Pa. 2008) (citing Hackett v. Cmty. Behavioral Health, No. 03-6254, 2005 WL 1084621, at *6 (E.D. Pa. May 6, 2005); Ankele v. Hambrick, 286 F. Supp. 2d 485, 496 (E.D. Pa. 2003)); see, e.g., Hoffman v. Bankers Trust, Co., 925 F. Supp. 315, 318 (M.D. Pa. 1995); Carroll v. Borough of State College, 854 F. Supp. 1184, 1199 (M.D. Pa. 1994). Plaintiff does not address his Eighth Amendment claims in his opposition papers, and thus the claim is deemed waived.

C. Counts II, XIV, XVI, & XXV Alleging State Law Violations

Counts II, XIV, XVI, & XXV of the Complaint allege breach of attorney client privilege and numerous state law torts, including false imprisonment, assault, battery, false arrest, theft of property, and intentional infliction of emotional distress. Defendants argue that they are immune from Plaintiff's state law claims under Pennsylvania's sovereign immunity statute because the acts alleged by Plaintiff are not included in 42 Pa. C.S.A. § 8522. This statute provides that sovereign immunity is a valid defense for claims against the Commonwealth and its officials and employees acting within the scope of their duties, except in cases for damages caused by: 1) vehicle liability; 2) medical-professional liability; 3) care, custody or control of personal property; 4) Commonwealth real estate, highways and sidewalks; 5) potholes and other dangerous conditions; 6) care, custody or control of animals; 7) liquor store sales; 8) National Guard activities; and 9) toxoids and vaccines. 42 Pa. C.S.A. § 8522 Plaintiff failed to rebut the sovereign immunity defense, and as discussed earlier, his state

law claims are thus deemed abandoned.  See Seals, 553 F. Supp. 2d at 432-33 (citing Hackett, 2005 WL 1084621, at *6; Ankele, 286 F. Supp. 2d at 496); see, e.g., Hoffman, 925 F. Supp. at 318; Carroll, 854 F. Supp. at 1199.  Accordingly, this Court need not address the merits of Defendants' sovereign immunity argument.  In any event, it is apparent that Defendants are immune from liability with respect to these claims under 42 Pa. C.S.A. § 8522.  The Motion for Summary Judgment on Counts II, XIV, XVI, & XXV will be granted.

D.  Claims Against Other Defendants

Sua sponte dismissal of a claim is ordinarily disfavored and inappropriate unless the basis for dismissal is apparent from the face of the complaint.  Giles v. Volvo Trucks North America, 551 F. Supp. 2d 359, 369 (M.D. Pa. 2008) (citing Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002)).  "If, however, the basis for dismissal is apparent from the face of the complaint, sua sponte dismissal may be appropriate as a means for prompt and efficient disposition of cases that lack 'a shred of a valid claim.'" Ogden v. Huntingdon County, No. 1:06cv2299, 2007 WL 2343814, *3 (M.D. Pa. Aug. 15, 2007) (quoting Baker v. Dir., U.S. Parole Com'n, 916 F.2d 725, 726 (D.C.Cir. 1990)).

Before a court may sua sponte dismiss a claim, the court must provide the plaintiff with notice and afford the plaintiff an opportunity to be heard on the legal viability of his or her complaint.  Walsh v. Krantz, No. 1:07cv0616, 2008 WL 3981492, *4 n.12 (M.D. Pa. Aug. 22, 2008) (citing Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 765 (7th Cir. 2006); Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976)).  "The notice and opportunity to be

heard may be provided by the act of a single defendant who raises a defense applicable to all defendants." Giles, 551 F. Supp. 2d at 369.

In the instant case, Defendants Bozym and Farrell provided Plaintiff with notice of the legal arguments in opposition to eight of his claims. Plaintiff had the opportunity to advance every factual and legal argument at his disposal to contest the moving parties' assertions that his constitutional and state law claims were without merit. This Court may safely assume that his response to a motion by another Defendant concerning the type of claims addressed by Defendants Bozym and Farrell would be no different. See Giles, 551 F. Supp. 2d at 369; Walsh, 2008 WL 3981492, at *4 n.12; Ogden, 2007 WL 2343814, at *3. Because this Court finds that Plaintiff has been provided an opportunity to advance legal arguments in support of his claims currently opposed by Defendants Bozym and Farrell, his claim against Lackawanna County in Count I, Gerald Justice in Count III, Lackawanna County and Andrew Jarbola, III in Count XIII, and his claim against Adrienne Slocum, Andrew Jarbola, III, and Mike Goffer in Count XXV are dismissed.

Moreover, so far as Plaintiff's complaint states a cause of action against Nationwide Insurance Co. and Donna M. Brenzel for deprivation of Plaintiff's "inalienable Liberty right to travel," those claims are dismissed based on the determination that no such right exists. As Count X of the complaint is based on Defendant Andy O'Brien's "unlawful attempt to deprive the Plaintiff of his inalienable liberty right to travel from place to place," that claim is also

dismissed.

Finally, it appears that the claims against remaining Defendants are legally frivolous. Accordingly, Plaintiff will be directed to show cause within twenty (20) days why dismissal of the remaining claims and Defendants is not appropriate. Failure to respond to the Order will warrant dismissal of this action.

III. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment will be granted. An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN WAYNE MERRING :
          Plaintiff :
  vs :   3:CV-07-0848
 :   (JUDGE VANASKIE)
RICHARD BOZYM, Individually as well :
as in His Official Capacity as Sergeant :
State Trooper, Commonwealth of Pa, :
et al, :
          Defendants :

ORDER

NOW, THIS 22nd DAY OF DECEMBER, 2008, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

    1. Defendants' Motion for Summary Judgment (Dkt. Entry 29) is GRANTED.

    2. Counts I, II, III, X, XIII, XIV, XV, XVI, and XXV are DISMISSED, WITH PREJUDICE.

    3. Plaintiff's claims against Richard Bozym, Joseph Farrell, Andy O'Brien, Nationwide Insurance Co, Donna M. Brenzel, and Adrienne Slocum are DISMISSED, WITH PREJUDICE.

    4. Within twenty (20) days from the date of this Order, Plaintiff shall show cause why dismissal of the remaining claims and Defendants is not appropriate. Failure to respond to

this Order will result in the dismissal of this action.

                    s/ Thomas I. Vanaskie
                    Thomas I. Vanaskie
                    United States District Judge